## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**PAMELA J. PETTINGER,**

Plaintiff,

vs.                                                 Civ. No. 03-1318 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed April 5, 2004.  Docket No. 10.  The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

## I.  PROCEDURAL RECORD

Plaintiff, Pamela J. Pettinger, applied for Disability Insurance Benefits and Supplemental Security Income Benefits on November 7, 1997.  Plaintiff alleged she became disabled on October 10, 1994 due to two back surgeries, nerve damage and difficulty sitting, bending, standing and walking.  Tr. 67-69, 85.   This application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on January 18, 2000.  At the hearing, the Plaintiff was represented by her attorney.  On March 23, 2000, the ALJ issued his decision and found that Plaintiff had severe lumbar degenerative joint disease, right lumbar radiculopathy and chronic pain syndrome,

1

all of which were severe but not disabling.  Thereafter, the Plaintiff filed a request for review.  On March 25, 2003, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr. 8.  The Plaintiff subsequently filed her Complaint for court review of the ALJ's decision on November 13, 2003.

Plaintiff was forty three years old on the date the ALJ issued his decision.  Tr. 15. She has a high school education and past work experience as a veterinarian assistant.  Tr. 15 and 89.  Plaintiff testified that she was enrolled in college and was a computer science major. Tr. 35.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994).  To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance.  Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

 In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.   See 42 U.S.C. §423(d)(1)(A); see also Thompson v. Sullivan, 987 F.2d 1482, 1486 (1993).  The regulations of the

Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1) she is not engaged in substantial gainful employment; 2) she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities; 3) her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; 4) or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff was working at Totah Animal Hospital in Farmington, New Mexico when she was injured on the job on January 21, 1994. Tr. 30, 194. She was attempting to restrain a large dog when she twisted and felt a sharp pain in her back. Plaintiff was treated by her family physician, H.E. Hewett, M.D., who prescribed pain medications and then sent the Plaintiff to Peter M. Saltzman, M.D. of Southwest Spine and Orthopedic Clinic. Tr. 139-97, 206-08. Plaintiff first saw Dr. Saltzman on October 10, 1994. He recommended surgery. Dr. Saltzman performed a lumbar decompression and discectomy at the L5-S1 level. About a month afer surgery Plaintiff continued to have right leg pain and numbness. A repeat MRI showed a recurrent herniated disc at L5/S1. Plaintiff underwent a second surgery on November 30, 1994 to remove disc fragments and

decompress the nerve roots.  Tr. 163.

During subsequent visits to Dr. Saltzman between April 20, 1995 and October 18, 1999, Plaintiff complained of pain and the inability to sit for any length of time without increased pain.  Tr. 139, 140, 142, 144, 149, 150, 153, 157, 207 and 208.  During this time Dr. Saltzman diagnosed Plaintiff with "chronic lumbosacral sprain and degenerative arthritis and disc disease at L5/S1."  Tr. 142.  On October 21, 1000, Dr. Saltzman wrote a letter to the New Mexico Human Services Department opining that although Plaintiff's medical condition was stable and that she was not capable of performing gainful employment.  Tr. 206.

Plaintiff testified that she attends San Juan College on a part-times basis.  Tr. 39.  She has a 3.9 grade point average.  Tr. 41.  She testified that she relies on the Disabilities on Campus Program. Tr. 33.  Her books are altered so they are light to carry.  Id.  A dog is being trained to wear a backpack that will help carry her books.  Tr. 34.  She requires special seating.  Tr. 33, 121.  Dr. Saltzman wrote a note for the Plaintiff stating that she is able to attend only two to three classes a semester depending on the length of time spent in the classroom and the class work required.  Tr. 209.

## IV. DISCUSSION

Plaintiff alleges that the ALJ erred in applying the grids and that his credibility analysis is contrary to law.

Grids.

The Medical-Vocational Guidelines ("grids") are used at step five to determine whether a disability exists.  20 C.F.R. Part 404, Subpt. P, App.2.  The grids reflect the existence of jobs in the national economy at various residual functional capacity levels by incorporating administrative notice

of occupational publications and studies.  20 C.F.R. §§404.1566(d); 416.966(d).  This aids the Commissioner in determining what specific job types in the national economy the claimant can perform.  The grids assume that the claimant's sole limitation is lack of strength; i.e. an exertional impairment.  20 C.F.R. Part 404., Subpt. P, App. 2, §200(e)(2).

In this matter, the ALJ applied Grid 202.21 that directs a finding of not disabled.  Tr. 19.  Plaintiff asserts that the ALJ erred in applying the grids because pain is a nonexertional limitation.  The Grids can only be applied when a Plaintiff's " characteristics precisely match the criteria of a particular rule."  Teter v. Heckler, 775 F.2d 1104, 1105 (10th Cir. 1985).  When a nonexertional impairment, such as pain, limits one's abilities to perform a full range of work, the Grids may not be used.  Id.

The ALJ found at step two that the Plaintiff had chronic pain syndrome which was severe.  A finding at step two that an impairment is severe means that the impairment significantly limits [her] ability to do basic work activities; i.e, the abilities and aptitudes necessary to do most jobs.  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).  The ALJ's findings at step two and step five are inconsistent.  The application of the Grids at step five is error.

Treating physician and credibility analysis.

Plaintiff also asserts that the ALJ failed to properly evaluate an opinion from her treating physician, Dr. Saltzman, that she was unable to work.  The ALJ's decision states that:

> Dr. Salzman (sic) notes on October 21, 1999 (Exhibit 5F) that although the claimant's medical condition is stable, he did not feel as she was capable of performing gainful employment.  He based this only on a list she gave him outlining her activities of daily living and her restrictions.  His statement is not consistent with his medical reports and therefore is not given any weight.

> Tr. 17.

A treating physician's opinion that a social security clamant is disabled is not dispositive

"because final responsibility for determining the ultimate issue of disability is reserved to the Commissioner." Castellano v. Sec'y of Health & Human Servs. 26 F.3d 1027, 1029 (10th Cir. 1994); Social Security Ruling 96-5p, 1996 WL 374183 at *2 (treating source opinions on issues reserved to Commissioner never entitled to controlling weight because giving controlling weight to such opinions would constitute abdication of Commissioner's statutory responsibility to determining if claimant is disabled.). Here, the ALJ complied with the treating physician requirement and gave "specific, legitimate reasons for disregarding the treating physicians opinion." Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995). Thus, the ALJ did not err.

Finally, Plaintiff asserts that the ALJ did not properly analyze her complaints of pain. In evaluating a clamaint's complaints of pain, the ALJ must consider three factors: (1) whether there is objective medical evidence of a pain-producing impairment; (2) whether there is a loose nexus between this objective evidence and the pain; and (3) whether, in light of all the evidence, both objective and subjective, the pain is disabling. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). In reviewing the ALJ's decision, the ALJ specifically noted the objective evidence undermining Plaintiff's complaints of pain. Tr. 16-17. However, his analysis is deficient in the remaining factors he should have considered. Alt hough the Tenth Circuit "does not require a formalistic factor-by-factor recitation of the evidence," the ALJ should perform a more precise analysis on remand. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

In conclusion, the court states that it is not mandating or indicating a particular result. The remand, instead "simply assures that the correct legal standards are involved in reaching a decision based on" all the evidence in the case. Kepler v. Chater, 68 F.3d 387, 392 (10th Cir. 1995).

6

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**